**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **MONTE ALBERT,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **A-26-CV-910-ADA-ML** |
| **FICTIV, INC.,** | § | |
| **Defendant.** | § | |
| | § | |

**ORDER ON *IN FORMA PAUPERIS* STATUS AND**
**REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO THE HONORABLE ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE:

The Magistrate Judge submits this Report and Recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the court is Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2). Because Plaintiff is requesting permission to proceed *in forma pauperis*, this court must review and make a recommendation on the merits of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e).

## I.    REQUEST TO PROCEED *IN FORMA PAUPERIS*

The court has reviewed Plaintiff Monte Albert's financial affidavit and determined Plaintiff is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the court hereby **GRANTS** Plaintiff's request for *in forma pauperis* status. This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised, although Plaintiff has been granted leave to proceed *in forma pauperis*, a court may, in

its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this court has made a Section 1915(e) review of the claims made in this complaint and is recommending Plaintiff's claims be dismissed with prejudice under 28 U.S.C. § 1915(e). According to the indigent status, the Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). However, service upon Defendant should be withheld pending the District Judge's review of the recommendations made in this Report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendant.

## II.    REVIEW OF THE MERITS OF THE CLAIM

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the court is required by statute to review the complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 20-21 (1972). However, *pro se* status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless

litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Albert alleges he applied for a manager-level position at Fictiv, Inc. ("Fictiv") but was not hired. Dkt. 1 at 1-2. Albert now brings a claim for discrimination based on national origin under Title VII. *Id.* Albert alleges that he "is a member of a protected class based on national origin." *Id.* ¶ 26.  He alleges that he "successfully progressed through the interview process" but was "forced to follow up regarding the status of his application." *Id.* ¶¶ 13, 17. After doing so, Fictiv responded and "stated that it was pursuing other candidates." *Id.* ¶ 19.

Albert alleges that Fictiv's hiring process involved cross-regional and offshore personnel, and he alleges that he "reasonably believes that candidates aligned with offshore teams, including those of Indian national origin, were given preferential consideration." *Id.* ¶¶ 20-21. Albert alleges the lack of transparency and inconsistent communication from Fictiv give rise to an inference of discrimination based on national origin. *Id.* ¶ 22.

A failure or refusal to hire an individual due to "race, color, religion, sex, or national origin" violates Title VII. 42 U.S.C. § 2000e-2(a)(1). To establish a claim for discriminatory failure to hire, Albert must show (1) he was in the protected class; (2) he applied for and was qualified for the position sought; (3) he was not selected; and (4) after rejection, another applicant outside the protected class was hired. *Scott-Benson v. KBR, Inc.*, 826 F. App'x 364, 368 (5th Cir. 2020) (citations omitted). To state a discrimination claim under Title VII, a plaintiff need not establish a prima facie case of discrimination but must plead sufficient facts on all the ultimate elements of a discrimination claim to make the case plausible. *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019).

Although Albert stated he is a member of a protected class, he did not allege his national origin. However, it is sufficient for a plaintiff to allege "specific facts from which the Court could draw the reasonable inference" that "the individuals hired to fill the positions were outside his protected class." *Omoyosi v. Tex. Health & Hum. Servs. Comm'n*, No. 4:20-CV-03315, 2021 WL 2689851, at *4 (S.D. Tex. June 14, 2021), *R. & R. adopted*, 2021 WL 2685631 (S.D. Tex. June 30, 2021). Albert, presumably, is not of Indian national origin, but he also failed to allege that any of the candidates who supposedly received preferential treatment were actually hired. Furthermore, the statement that these candidates were given preferential treatment is entirely conclusory, and Albert offers no facts to support this assertion. Accordingly, Albert has failed to state a claim for discriminatory hiring under Title VII, and the undersigned recommends this case be dismissed with prejudice as frivolous.

### III.    FRIVOLOUS LITIGANT SANCTIONS

Albert has received at least two prior warnings regarding frivolous filings. *See Albert v. Schwab & Co., Inc. et al.*, 1:26-cv-908-RP, Dkt. 6; *Albert v. Calsoft, Inc. et al.*, 1:26-cv-909-RP, Dkt. 6. In both of these suits, Albert brought claims for discriminatory hiring based on national origin, and like the instant suit, the complaints do not include any facts to support that Albert was discriminated against based on national origin. Moreover, Albert did not allege any injury beyond not receiving an offer for a position he interviewed for at each company. Furthermore, in *Schwab*, Albert also stated, without providing any factual support, that the defendant's hiring processes were managed through offshore teams that preferred candidates of Indian national origin. *See Schwab & Co.*, 1:26-cv-908-RP, Dkt. 1 at 2.

Additionally, Albert has brought another lawsuit that has been dismissed under Section 1915 as frivolous. *See Albert v. U. S. Dep't of the Army et al.*, 1:25-cv-1497-ADA. Following the

court's dismissal of Albert's complaint as frivolous in *U.S. Department of the Army*, Albert filed several additional motions before the District Judge barred Albert from filing anything further in that action, save a Notice of Appeal. Finally, Albert has also been denied leave to proceed *in forma pauperis* in this division due to a finding that he was not indigent. *See Albert v. Price et al.*, 1:25-cv-1997-ADA, Dkt. 9. Albert appealed the finding of frivolity in *Department of the Army* and the finding of no indigency in *Price* to the Fifth Circuit.

A court possesses the inherent power "to protect the efficient and orderly administration of justice," including "the power to levy sanctions in response to abusive litigation practices." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). The court may impose a pre-filing injunction "to deter vexatious, abusive, and harassing litigation." *Nix v. Major League Baseball*, 62 F.4th 920, 936 (5th Cir. 2023). In determining whether to impose such an injunction, the court must weigh all of the relevant circumstances, including the following four factors: (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. *Baum v. Blue Moon Ventures*, 513 F.3d 181, 189 (5th Cir. 2008). A pre-filing injunction must be "tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Id*. at 190.

The undersigned finds that all four factors favor a pre-filing injunction here. As explained above, Albert is a serial litigator who has filed duplicative and vexatious lawsuits in abuse of the *in forma pauperis* system. For the second factor, the court finds that Albert has no good-faith basis

to pursue this lawsuit because he provided no factual basis for his claims. *See Reynolds v. Medicredit, Inc.*, No. 5:18-CV-99-XR, 2019 WL 2124675, at *1 (W.D. Tex. May 15, 2019) ("A bad-faith lawsuit is one where the suit is so completely without hope of succeeding that the court can infer that the plaintiff brought the suit to harass . . . rather than to obtain a favorable judgment.") (citation modified). Third, the initial screening requirements of Albert's vexatious cases have burdened this court. *Castaneda v. Frausto-Recio*, No. SA-24-CV-0718-JKP, 2024 WL 4381259, at *8 (W.D. Tex. Oct. 3, 2024). Finally, a pre-filing injunction is the sanction most suited to the needs and circumstances of this case. Imposition of court costs or monetary sanctions are not adequate alternatives considering Albert's alleged lack of financial resources.[1] *Castaneda*, 2024 WL 4381259, at *8-9.

As Albert has received two prior warnings, the undersigned **RECOMMENDS** that, after hearing Albert's objections to this, the third warning, the District Judge impose a pre-filing bar on future litigation brought *pro se* and *in forma pauperis* by Albert in the Western District of Texas relating to discriminatory hiring based on national origin without receiving written leave from a judge of this court or the Fifth Circuit.

## IV.    ORDER AND RECOMMENDATIONS

The undersigned hereby **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2) and **RECOMMENDS** the District Judge **DISMISS WITH PREJUDICE** Plaintiff's cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B).

Furthermore, the undersigned **RECOMMENDS** that the District Judge impose a pre-filing bar, as described above, on future litigation by Albert.

The referral of this case to the Magistrate Judge should now be **CANCELED**.

---

[1] Albert's appeal of Judge Hightower and Judge Albright's findings of no indigency in *Albert v. Price et al.*, 1:25-cv-1997-ADA, is pending before the Fifth Circuit.

## V.    WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED May 7, 2026.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE